E-FILED
Monday, 14 September, 2026 09:12:05 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ERIC WAYNE DOTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-1004-SLD |
| | ) | |
| WARDEN, FCI PEKIN, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION**

Before the Court is Petitioner Eric Wayne Dotson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Dotson alleges the Federal Bureau of Prisons (BOP) is wrongly denying him *nunc pro tunc* designation or otherwise failing to give him credit towards his federal sentence for the fifteen years he spent in the Georgia Department of Corrections. Because he has raised this argument in multiple other habeas petitions, Court DISMISSES his Petition (Doc. 1) as an abuse of the writ.

## I. BACKGROUND

In 1997 and 1998, Dotson went on a multi-state armed robbery spree, resulting in multiple overlapping criminal proceedings that included state convictions in Kentucky and Georgia, and federal convictions in the District Court for the Western District of Oklahoma. Unless otherwise noted, the following procedural history is taken from Respondent's brief (doc. 7). *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

**A. Dotson's Criminal Proceedings and Sentences**

After committing robberies across multiple states, Dotson was arrested by state authorities in Kentucky in April 1998. He was charged with first-degree robbery in Warren County, Kentucky, Case No. 97CR00562, persistent felony offender in the second degree in Warren County, Kentucky, Case No. 98CR00329, and second-degree robbery in Jefferson County, Kentucky, Case No. 98CR1719. He escaped from custody in July 1998, but was later arrested in Tennessee and returned to the custody of the State of Kentucky. He was then additionally charged with escape in Warren County, Kentucky, Case No. 99CR00456. On September 8, 1998, in Warren County, Kentucky, Dotson was sentenced to twenty years of imprisonment for his first-degree robbery case (Case No. 97CR00562), and he was sentenced to life imprisonment for his persistent felony offender in the second degree case (Case No. 98CR00329). (As explained below, however, he was later retried and sentenced to a combined twenty years on these two convictions). On November 13, 1998, Dotson was sentenced to a ten-year term of imprisonment for his escape conviction (Case No. 99CR00456).

In the meantime, Dotson was charged with crimes in other jurisdictions. On November 4, 1998, Dotson was charged with multiple federal crimes in relation to the robberies in the District Court for the Western District of Oklahoma. (Doc. 7-1 at 27). On December 17, 1998, the state of Georgia indicted Dotson on state armed robbery charges. Georgia lodged a detainer with Kentucky on February 10, 1999.

On March 26, 1999, while Dotson was still in Kentucky state custody, he was "borrowed" pursuant to a federal writ of habeas corpus *ad prosequendum*. Following a trial, a federal jury found Dotson guilty of Hobbs Act robbery, use of a firearm during a crime of violence, and transportation of stolen goods. On November 19, 1999, Dotson was sentenced to a

total of 322 months of imprisonment, to run consecutively to the Kentucky sentence he was then serving. The sentence was silent about whether it would run consecutively or concurrently to any future state sentences. On January 12, 2000, Dotson was returned to Kentucky state authorities to continue serving his Kentucky sentences.

On April 13, 2000, the Supreme Court of Kentucky vacated Dotson's Kentucky convictions for first-degree robbery and persistent felony offender in Warren County Case Nos. 97CR00562 and 98CR00329, and each case was remanded to the Warren Circuit Court for a new trial. He remained in Kentucky custody serving time on his ten-year escape sentence.

While still serving his Kentucky sentences, Dotson was convicted of the armed robbery charges in Georgia and, on June 16, 2000, the Georgia court sentenced him to twenty years of imprisonment. The Georgia court judgment was silent as to whether it should run consecutively to or concurrently with any previously imposed sentence.

Back in Kentucky courts, in August 31, 2000, Dotson was sentenced to ten years' imprisonment for his still pending second-degree robbery case in Jefferson County, Kentucky, Case No. 98CR1719. This sentence was ordered to run concurrently to previously imposed state terms of confinement. The following year, on April 27, 2001, Kentucky retried Dotson for robbery in Warren County Case No. 97CR005625 and persistent felony offender in Warren County Case No. 98CR00329. The Kentucky state court imposed a combined twenty-year term of imprisonment, consecutive to any previously imposed sentence. At this point, Dotson had been sentenced in all of his criminal cases and he continued to serve his Kentucky sentences first.

### B. Dotson's Efforts to Prevent his Georgia Sentences Being Served Prior to His Federal Sentences

On September 2, 2004, Dotson finished serving his Kentucky state imprisonment sentences and was transferred to Georgia to begin serving his twenty-year imprisonment sentence in his Georgia case. Dotson believed he should have been transferred to federal custody first, as the federal detainer had been lodged before Georgia's detainer. Accordingly, "[i]n the years after Kentucky paroled Dotson in 2004, he filed six habeas corpus petitions or civil actions seeking his transfer into custody to begin service of his federal sentence." *Dotson v. Kizziah*, No. CV 6:19-251-HRW, 2019 WL 6054849, at *2 (E.D. Ky. Nov. 15, 2019), *aff'd*, 966 F.3d 443 (6th Cir. 2020). He also sought relief through the BOP. While some were dismissed on procedural grounds, the Court will recap only the decisions necessary for addressing Dotson's Petition here.

In 2010, Dotson requested *nunc pro tunc* relief through the BOP. He requested that he be given credit on his federal sentence for time he spent in state custody. The BOP began its review of this request for *nunc pro tunc* designation of the Georgia state facility in October 2010, which, if granted, would have resulted in Dotson's federal and Georgia state sentences running concurrently. In making their decision, the BOP considered the factors in 18 U.S.C. § 3621(b), which include the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence, along with pertinent Sentencing Commission policy statements. The BOP also weighed the factors outlined in Bureau of Prisons Program Statement 5160.05, which similarly instructs the BOP to consider statements by the sentencing court and also discusses the possibility of sending a letter to that court to request input.

While the federal judgment stated his federal sentence was to run consecutively to the Kentucky sentence he was then serving, the judgment was silent about whether it was to run concurrent or consecutive to any future state sentences. Accordingly, the BOP sent a letter requesting the federal sentencing court's position on retroactive designation. In October 2011, the sentencing court responded that it was "not at liberty" to determine the sentencing judge's "intent in his sentencing order," and declined to state a position. The court noted that "such a decision is more appropriately decided by the Federal Bureau of Prisons."

In December 2011, the BOP declined to "designate nunc pro tunc the Georgia state prison as the place where Dotson would serve his federal sentence" and sent a letter to Dotson explaining the decision. The letter stated that the BOP weighed the nature and circumstances of Dotson's offense and his history and characteristics and noted that Dotson's offenses included but were not limited to Hobbs Act robbery, the use of a firearm during the commission of a violent crime, armed robbery, disorderly conduct, burglary, grand larceny, persistent felony offender, and escape. Based on this review, the BOP concluded a *nunc pro tunc* designation was not appropriate. Dotson responded by filing a mandamus action "seeking to order the BOP to alter that decision; mandamus was denied." *Dotson*, 966 F.3d at 444 (*citing United States v. Dotson*, 430 F. App'x 679 (10th Cir. 2011)).

Next, in 2012, while still in Georgia custody, Dotson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Southern District Court of Georgia. He argued that Kentucky should have placed him in federal custody instead of Georgia state custody, that his federal and Georgia sentences should be served concurrently, and that he should be given credit on his federal sentence for his time spent in the wrong jurisdiction. *Dotson v. United States*, No. CV 312-004, 2013 WL 1786568, at *2 (S.D. Ga. Mar. 7, 2013), *report and recommendation*

*adopted,* No. CV 312-004, 2013 WL 1786559 (S.D. Ga. Apr. 25, 2013). The court denied the petition. It found that Kentucky had primary jurisdiction and retained that priority until his release in 2004, and that future custody was a "matter of comity." *Id.* at *3. Since Georgia had filed a detainer with Kentucky, whereas the federal authorities had not, Kentucky released Dotson to Georgia. *Id.* The federal authorities then filed a detainer with Georgia in 2009.[1] *Id.* Ultimately, the court found that Dotson "simply has no claim for relief based on his dissatisfaction with the decisions that were made." *Id.* The court also found that BOP had properly denied Dotson's *nunc pro tunc* request and otherwise properly determined that the sentences should be consecutive. *Id.* at *4.

In 2019, by which time Dotson had been transferred to federal custody, Dotson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Kentucky. That Court found "that it need not entertain Dotson's repetitive challenge to the administration of his sentence" and that it was meritless for the same reasons as determined in his previous petition. *Dotson*, 2019 WL 6054849, at *4. The Sixth Circuit affirmed the denial. *Dotson v. Kizziah*, 966 F.3d 443 (6th Cir. 2020).

**C. Current Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.**

Not deterred by his previous litigation, Dotson filed this § 2241 Petition (Doc. 1) on January 1, 2026. He again argues he is entitled to a *nunc pro tunc* designation so that he may receive credit for the 15 years he spent in the custody of the Georgia Department of Corrections. Respondent has filed a response in opposition (Doc. 7), and Dotson has filed a reply (Doc. 8). This Order now follows.

[1] The court also noted that there was no evidence to support Dotson's factual allegation that the United States had filed a detainer with Kentucky before Georgia did so in 1999 (U.S. Marshals later filed a federal detainer with Georgia in 2009), and no legal basis to conclude that it would have made a difference if it had. *Dotson*, 2013 WL 1786568 at *2-3 (citing *Moody v. Daggett*, 429 U.S. 78, 80 n.2 (1976)).

## II. DISCUSSION

Dotson may not continue to raise his denied claims in new habeas petitions. Pursuant to 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." *Id.*; *see also Arnaout v. Marberry*, 351 Fed. Appx. 143, 144 (7th Cir. 2009) (Federal courts generally decline "to entertain successive petitions under § 2241 or § 2255, unless the law [has] changed or new facts . . . come to light."). Dotson has already sought to challenge the BOP's denial of his request for *nunc pro tunc* designation in two habeas proceedings. Nothing has changed in the law, nor does Dotson have any new facts that might alter the reasoning in those cases. Moreover, having reviewed the record and the previous petitions, the Court finds those courts thoroughly and accurately addressed his claims. Dotson's attempts to relitigate the issue are an abuse of the writ.

Dotson resists this conclusion, arguing that the law has changed because he is now subject to Seventh Circuit law. (Doc. 8 at 2). Dotson specifically points to the Seventh Circuit decision of *Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018). In *Pope,* the petitioner's federal sentence was silent as to whether his federal sentence should run consecutively or concurrently with his state sentence. *Pope*, 889 F.3d at 417. The Seventh Circuit found that the BOP abused its discretion because it the BOP "presumed from the court's silence that [the petitioner's] sentence should run consecutively," which the Supreme Court had explicitly prohibited the BOP from presuming. *Id.* (citing *Setser v. United States*, 566 U.S. 231, 239 (2012)). *Pope* does not help Dotson overcome his abuse of the writ as these arguments, which relied on the Supreme

Court's 2012 decision in *Setser*, were available to him 2019 when he filed his § 2241 Petition in the Western District of Kentucky. Moreover, unlike in *Pope*, the BOP did not make any presumption based on the sentencing court's silence, but rather contacted the sentencing court and the court "declined to offer a recommendation for such a designation." *Dotson*, 2019 WL 6054849, at *6. Accordingly, the Court finds that Dotson has not shown any change in the law or facts that would allow him to relitigate his claims.

## III. CONCLUSION

For the reasons above, Petitioner Eric Wayne Dotson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1) is DISMISSED with prejudice as an abuse of the writ. The Clerk is DIRECTED to CLOSE the case and issue judgment.

Signed on this 14th day of September 2026.

/s/ Sara Darrow
Sara Darrow
United States District Judge